Gail Lin Chung, Cal St. Bar. No. 212334
OUTTEN & GOLDEN LLP
One California Street, 12th Floor
San Francisco, CA 94111
Tel: (415) 638-8800
Email: gl@outtengolden.com

Jack A. Raisner[1]
René S. Roupinian[2]
Robert N. Fisher, Cal St. Bar. No. 302919
OUTTEN & GOLDEN LLP
685 Third Avenue, 25th Floor
New York, New York 10017
Tel.: (212) 245-1000
Email: rsr@outtengolden.com
Email: jar@outtengolden.com
Email: rfisher@outtengolden.com

Attorneys for Plaintiff Caitlyn St. John, on behalf of
herself and all others similarly situated

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| CAITLYN ST. JOHN on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>CHEF'D, INC.,<br><br>        Defendant. | CASE NO. 2:18-cv-6232<br><br>**CLASS ACTION COMPLAINT FOR:**<br>(1) Violation of WARN Act 29 U.S.C. § 2101, *et seq.*,<br>(2) Violation of the New York Labor Law § 860 *et seq.*, and<br>(3) Violation of California Labor Code § 1400 *et seq.* |

[1 and 2] Not admitted to the Bar of the U.S. District Court C.D. Cal.  Applications for admission *pro hac vice* to be filed.

Plaintiff Caitlyn St. John ("Plaintiff") alleges on behalf of herself and a class of similarly situated former employees of Chef'd Inc. (the "Defendant"), a meal kit maker, which suddenly shut down its operations and terminated its employees on July 16, 2018, as follows:

## NATURE OF THE ACTION

1.      On July 16, 2018, Defendant terminated without notice the employment of approximately 300 or so full-time employees.

2.      Plaintiff Caitlyn St. John was an employee of Chef'd, Inc. until her termination on July 16, 2018.

3.      The Plaintiff brings this action on behalf of herself, and other similarly situated former employees who worked for Defendant and who were terminated without cause, as part of, or as the foreseeable result of, plant closings or mass layoffs ordered by Defendant and who were not provided 60 days advance written notice of their terminations by Defendant, as required by the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 *et seq.* and the California Labor Code § 1400 *et seq.* ("CAL WARN Act").

4.      The Plaintiff also brings this action on behalf of other similarly situated former employees who worked in New York State for Defendant and who were terminated without cause, as part of, or as the result of, plant closings ordered by Defendant and who were not provided  90 days advance written notice of their terminations by Defendant, as required by the New York Worker Adjustment and Retraining Notification Act ("NY WARN Act," and together with the WARN Act and CAL WARN Act, the "WARN Acts"), New York Labor Law ("NYLL") § 860 *et seq.*

5.      Plaintiff and all similarly situated employees seek to recover 60 days wages and benefits, pursuant to the WARN Acts, from Defendant.

**JURISDICTION AND VENUE**

6.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 1367 and 29 U.S.C. § 2104(a)(5).

7.      This Court has personal jurisdiction over Chef'd, Inc. because they are incorporated in this judicial district, and therefore, reside here.

8.      Venue is proper in this District pursuant to 29 U.S.C. § 2104(a)(5) and pursuant to 28 U.S.C. §§ 1391, because this is the judicial district in which Chef'd. Inc. is incorporated.  Venue is also proper pursuant to NYLL § 860-G(7).

**THE PARTIES**

***Plaintiff***

9.      Plaintiff Caitlyn St. John was an employee of Chef'd, Inc. and worked as a Retail Operations Manager at Defendant's Headquarters located at 291 Coral Circle, El Segundo, California ("Headquarters") until her termination on July 16, 2018.

Until on or around July 16, 2018, the Plaintiff and all similarly situated employees were employed by Defendant and worked at or reported to one of the Facilities.

***Defendant***

10.     Defendant Chef'd, Inc. is a Delaware company with its principal place of business located at 291 Coral Circle, El Segundo, California.

11.     On information and belief at all relevant times Chef'd, Inc. maintained and operated its corporate headquarters at 291 Coral Circle, El Segundo, California, and operated additional facilities as that term is defined by the WARN Act throughout the United States, including but not limited to, 7901 Crossway Drive, Pico Rivera, California, 133 Randolph Street, Brooklyn, New York, and 365 Ten Eyck Street, Brooklyn, New York (collectively the "Facilities").

12.     On information and belief, on or about July 16, 2018, Defendant terminated

without notice the employment of approximately 300 employees who worked at or reported to the Facilities.

## WARN ACT CLASS ALLEGATIONS, 29 U.S.C. § 2104

13.    Plaintiff brings the First Claim for Relief for violation of 29 U.S.C. § 2101 *et seq*., on behalf of herself and on behalf of all other similarly situated former employees, pursuant to 29 U.S.C. § 2104(a)(5) and Fed. R. Civ P. 23(a), who worked at or reported to one of Defendant's Facilities and were terminated without cause on or about July 16, 2018, and within 30 or 90 days of that date, or were terminated without cause as the reasonably foreseeable consequence of the mass layoffs and/or plant closings ordered by Defendant on or about July 16, 2018, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) (the "WARN Class").

14.    The persons in the WARN Class identified above ("WARN Class Members") are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

15.    On information and belief, Defendant employed approximately 300 employees nationwide, including more than fifty (50) full-time employees at the Facilities who it terminated on or about July 16, 2018.

16.    On information and belief, the identity of the members of the class and the recent residence address of each of the WARN Class Members is contained in the books and records of Defendant.

17.    On information and belief, the rate of pay and benefits that were being paid by Defendant to each WARN Class Member at the time of her/his termination is contained in the books and records of the Defendant.

18.     Common questions of law and fact exist as to members of the WARN Class, including, but not limited to, the following:

(a) whether the members of the WARN Class were employees of the Defendant who worked at or reported to Defendant's Facilities;

(b) whether Defendant unlawfully terminated the employment of the members of the WARN Class without cause on their part and without giving them 60 days advance written notice in violation of the WARN Act; and

(c) whether Defendant unlawfully failed to pay the WARN Class members 60 days wages and benefits as required by the WARN Act.

19.     The Plaintiff's claims are typical of those of the WARN Class.  The Plaintiff, like other WARN Class members, worked at or reported to one of Defendant's Facilities and was terminated without cause on or about July 16, 2018, due to the mass layoffs and/or plant closings ordered by Defendant.

20.     The Plaintiff will fairly and adequately protect the interests of the WARN Class. The Plaintiff has retained counsel competent and experienced in complex class actions, including the WARN Act and employment litigation.

21.     On or about July 16, 2018, Defendant terminated the Plaintiff's employment as part of a mass layoff or a plant closing as defined by 29 U.S.C. § 2101(a)(2), (3), for which she was entitled to receive 60 days advance written notice under the WARN Act.

22.     Class certification of these claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the WARN Class predominate over any questions affecting only individual members of the WARN Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of WARN Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages

suffered by individual WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

23.    Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the members of the Class.

24.    The Plaintiff intends to send notice to all members of the WARN Class to the extent required by Rule 23.

### NEW YORK WARN ACT CLASS ALLEGATIONS

25.    Plaintiff brings the Second Claim for Relief for violation of NYLL § 860 *et seq.*, on behalf of a class of similarly situated persons pursuant to NYLL § 860-G (7) and Federal Rules of Civil Procedure, Rule 23(a) and (b), who worked at or reported to Defendant's New York Facilities and were terminated without cause on or about July 16, 2018, or within 90 days of that date, or were terminated without cause as the reasonably foreseeable consequence of the mass layoffs and/or plant closings ordered by Defendant on or about July 16, 2018, and who are affected employees, within the meaning of NYLL § 860-A (1),(4) and(6) (the "NY WARN Class")

26.    The persons in the NY WARN Class identified above ("NY WARN Class Members") are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

27.    On information and belief, Defendant employed more than 50 full-time employees within New York State as of the time notice was first required to be given.

28.    On information and belief, Defendant terminated at least 25 full-time employees, within 30 or 90 days of July 16, 2018, at its New York Facilities.

29.     On information and belief, the identity of the members of the class and the recent residence address of each of the NY WARN Class Members is contained in the books and records of Defendant.

30.     On information and belief, the rate of pay and benefits that were being paid by Defendant to each NY WARN Class Member at the time of his/her termination is contained in the books and records of the Defendant.

31.     Common questions of law and fact exist as to members of the NY WARN Class, including, but not limited to, the following:

> (a)     whether the members of the NY WARN Class were employees of the Defendant who worked in a covered site of employment of Defendant;
>
> (b)     whether Defendant unlawfully terminated the employment of the members of the NY WARN Class without cause on their part and without giving them 90 days advance written notice in violation of the WARN Act; and
>
> (c)     whether Defendant unlawfully failed to pay the NY WARN Class members 60 days wages and benefits as required by the WARN Act.

32.     The Plaintiff's claim is typical of those of the NY WARN Class.  The Plaintiff, like other NY WARN Class members, worked at or reported to one of Defendant's Facilities and was terminated on or about July 16, 2018, or within 90 days of July 16, 2018, due to the terminations at the New York Facilities ordered by Defendant.

33.     The Plaintiff will fairly and adequately protect the interests of the NY WARN Class.  The Plaintiff has retained counsel competent and experienced in complex class actions on behalf of employees, including the WARN Act, state laws similar to WARN, and employment litigation.

34.     Class certification of these Claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the NY WARN Class predominate over any questions affecting only individual members of the NY WARN Class, and because a class action superior to other available methods for the fair and efficient adjudication of this litigation  –

particularly in the context of NY WARN Class Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages suffered by individual NY WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

35.    Concentrating all the potential litigation concerning the NY WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the NY WARN Act rights of all the members of the Class.

36.    Plaintiff intends to send notice to all members of the NY WARN Class to the extent required by Rule 23.

### CALIFORNIA WARN ACT CLASS ALLEGATIONS

37.    The Class Plaintiff brings the Third Claim for Relief for violation of Labor Code § 1401 on behalf of herself and a class of similarly situated persons pursuant to Labor Code § 1404 and Federal Rules of Civil Procedure, Rule 23(a) and (b), who worked at or reported to one of Defendant's Facilities and were terminated without cause on or about July 16, 2018 (the "CAL WARN Class")

38.    The persons in the CAL WARN Class identified above ("CAL WARN Class Members") are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

39.    On information and belief, the identity of the members of the class and the recent residence address of each of the CAL WARN Class Members is contained in the books and records of Defendant.

40.     On information and belief, the rate of pay and benefits that were being paid by Defendant to each CAL WARN Class Member at the time of his/her termination is contained in the books and records of the Defendant.

41.     Common questions of law and fact exist as to members of the CAL WARN Class, including, but not limited to, the following:

(a)    whether the members of the CAL WARN Class were employees of the Defendant;

(b)    whether Defendant unlawfully terminated the employment of the members of the CAL WARN Class without cause on their part and without giving them 60 days advance written notice in violation of the CAL WARN Act; and

(c)    whether Defendant unlawfully failed to pay the CAL WARN Class members 60 days wages and benefits as required by the CAL WARN Act.

42.     The Class Plaintiff's claims are typical of those of the CAL WARN Class.  The Class Plaintiff, like other CAL WARN Class members, worked at or reported to one of Defendant's Facilities and was terminated on or about July 16, 2018, due to the termination of the Facilities ordered by Defendant.

43.     The Class Plaintiff will fairly and adequately protect the interests of the CAL WARN Class.  The Class Plaintiff has retained counsel competent and experienced in complex class actions on behalf of employees, including the CAL WARN Act, the federal WARN Act, other similar state laws, and employment litigation.

44.     Class certification of these Claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the CAL WARN Class predominate over any questions affecting only individual members of the CAL WARN Class, and because a class action superior to other available methods for the fair and efficient adjudication of this litigation  – particularly in the context of CAL WARN Class Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate

defendant, and damages suffered by individual CAL WARN Class members are small compared

to the expense and burden of individual prosecution of this litigation.

45.    Concentrating all the potential litigation concerning the CAL WARN Act rights of

the members of the Class in this Court will obviate the need for unduly duplicative litigation that

might result in inconsistent judgments, will conserve the judicial resources and the resources of the

parties and is the most efficient means of resolving the CAL WARN Act rights of all the members

of the Class.

46.    The Class Plaintiff intends to send notice to all members of the CAL WARN Class

to the extent required by Rule 23.

## CLAIMS FOR RELIEF

### I.  Violation of the WARN Act, 29 U.S.C. § 2104

47.    Plaintiff realleges and incorporates by reference all allegations in all preceding

paragraphs.

48.    At all relevant times, Defendant employed more than 300 employees who in the

aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United

States.

49.    At all relevant times, Defendant was an "employer," as that term is defined in

29 U.S.C. § 2101(a)(1) and 20 C.F.R. § 639(a), and continued to operate as a business until they

decided to order mass layoffs or plant closings at the Facilities.

50.    On or about July 16, 2018, Defendant ordered mass layoffs and/or plant closings at

the Facilities, as those terms are defined by 29 U.S.C. § 2101(a)(2).

51.    The mass layoffs or plant closings at the Facilities resulted in "employment losses,"

as that term is defined by 29 U.S.C. §2101(a)(2) for at least fifty of Defendant's employees as well

as thirty-three percent (33%) of Defendant's workforce at the Facilities, excluding "part-time

employees," as that term is defined by 29 U.S.C. § 2101(a)(8).

52.      The Plaintiff and the Class Members were terminated by Defendant without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoffs or plant closings ordered by Defendant at the Facilities.

53.      The Plaintiff and the Class Members are "affected employees" of Defendant, within the meaning of 29 U.S.C. § 2101(a)(5).

54.      Defendant was required by the WARN Act to give the Plaintiff and the Class Members at least 60 days advance written notice of their terminations.

55.      Defendant failed to give the Plaintiff and the Class members written notice that complied with the requirements of the WARN Act.

56.      The Plaintiff and each of the Class Members, are "aggrieved employees" of the Defendant as that term is defined in 29 U.S.C. § 2104(a)(7).

57.      Defendant failed to pay the Plaintiff and each of the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations and failed to make the pension and 401(k) contributions and provide employee benefits under COBRA for 60 days from and after the dates of their respective terminations.

58.      The relief sought in this proceeding is equitable in nature.

## II.  Violation of the NEW YORK  WARN ACT, NYLL - § 860 *et seq.*

59.      Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

60.      At all relevant times, Defendant was a business enterprise defined as an "employer" under the NY WARN Act and continued to operate as a business until they decided to order a mass layoff or plant closing at the New York Facilities as defined by § 860-A(3),(4).

61.     On or about July 16, 2018, or within 90 days of July 16, 2018, the Defendant ordered a mass layoff and/or plant closing at its New York Facilities as defined by § 860-A(3),(4).

62.     The New York Plaintiff and the NY Class Members suffered a termination of employment as defined by § 860-A(2)(C) having been terminated by Defendant without cause on their part.

63.     Defendant was required by the NY WARN Act to give the New York Plaintiff and the NY Class Members at least 90 days advance written notice of their terminations pursuant to § 860-B.

64.     Defendant failed to give the NY Plaintiff and the NY Class Members written notice that complied with the requirements of the NY WARN Act.

65.     Defendant failed to pay the NY Plaintiff and each of the NY Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations, and failed to make the pension and 401(k) contributions and provide employee benefits under ERISA, other than health insurance, for 60 days from and after the dates of their respective terminations.

### III.  Violation of the CAL LABOR CODE - § 1400 *et seq.*

49.     Plaintiff realleges and incorporates by reference all allegations in all proceeding paragraphs.

50.     Plaintiff and similarly situated employees who worked at or reported to Defendant's facilities in California ("the California Facilities"), and other "covered establishments," are former "employees," of Defendant as defined in Labor Code § 1400(h).

51.     Defendant terminated the employment of Plaintiff and other similarly situated employees, pursuant to a "mass layoff," "relocation" or "termination" as defined in Labor Code § 1400(d-f) on or about July 16, 2018 or thereafter.

52.    At all relevant times, Defendant was an "employer" as defined in Labor Code § 1400(b).

53.    Defendant violated Labor Code § 1401 by ordering a "mass layoff," "relocation" or "termination" in California without giving written notice at least 60 days before the order took effect to (1) the employees affected by the order and (2) the Employment Development Department, the local workforce investment board, and the chief elected official of each city and county government within which the mass layoff, relocation or termination occurred. The "mass layoff," "relocation" or "termination" was not necessitated by a physical calamity or act of war.

54.    As a result of Defendant's violation of Labor Code § 1401, the other similarly situated California employees are entitled to damages under c(a) in an amount to be determined.

55.    As a result of Defendant's violation of Labor Code § 1401, Defendant is liable subject to a civil penalty of not more than five hundred dollars ($500) for each day of the violation, under Labor Code § 1403.

56.    Plaintiff has incurred and the other similarly situated employees will incur attorneys' fees in prosecuting this claim and are entitled to an award of attorneys' fees under Labor Code § 1404.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief as against Defendant, jointly and severally:

A.    Certification of this action as a class action;

B.    Designation of the Plaintiff as the Class Representative;

C.    Appointment of the undersigned attorneys as Class Counsel;

D.    A judgment in favor of the Plaintiff and the other similarly situated former employees equal to the sum of: their unpaid wages, salary, commissions, bonuses,

accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other COBRA benefits, for 60 days, that would have been covered and paid under the then-applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 29 U.S.C. § 2104 (a)(1)(A), NY WARN Act, NYLL § 921-7.3 and Cal. Labor Code § 1402(a);

E.    Reasonable attorneys' fees and the costs and disbursements that the Plaintiff incurred in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. § 2104(a)(6)  and NY WARN Act, NYLL § 860-G(7), Cal. Labor Code § 1404; and

F.    Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

DATED: July 16, 2018

/s/ Gail Lin Chung
Gail Lin Chung, Cal St. Bar. No. 212334
One California Street, 12th Floor
San Francisco, CA 94111
San Francisco, CA 94111
Tel: (415) 638-8800
Email: gl@outtengolden.com

Jack A. Raisner
René S. Roupinian
Robert N. Fisher, Cal St. Bar. No. 302919
OUTTEN & GOLDEN LLP
685 Third Avenue, 25th Floor
New York, New York 10017
Tel.:  (212) 245-1000
Fax:  (646) 509-2070
Email: rsr@outtengolden.com
Email: jar@outtengolden.com
Email: rfisher@outtengolden.com

*Attorneys for* Plaintiff Caitlyn St. John and the putative class